We have four cases on the calendar this afternoon, two veterans cases, which is a bit unusual, one from the court and one from the agency, a patent case and a government employee case which is being submitted on the briefs and will not be argued. First case is Pelea, Cellerina Pelea v. Department of Veterans Affairs, 06-7364. Welcome back, Mr. Carpenter. The court please, Kenneth Carpenter appearing on behalf of Mrs. Pelea and her daughter, Mrs. Pelea, please the court, appeals the decision of the Veterans Court to withdraw its decision and dismiss the appeal of her denial, her mother's denial of benefits and the denial of substitution of Ms. Pelea on behalf of her mother. In order to understand the errors made by the court in taking the actions which we believe were improper, it is important to understand the nature of the claim that was pending before the Veterans Court. That claim was pending under Chapter 13 of Title 38 of the United States Code in which Mrs. Pelea, as the survivor of a veteran, was seeking dependency and indemnity compensation. She was not seeking more than what... Mr. Carpenter, let me ask you a couple of questions which may seem rather peculiar when they start, but you'll see where I'm driving at. As I understand it, you do not dispute that in the case of a veteran who is seeking his own benefits, that his right to those benefits, to get them, terminates on his death except for benefits that have already been awarded. Is that correct? That's correct. And then I have two questions to you. One, why do you think it's likely that Congress intended to treat veterans' widows more favorably than veterans and permit them to continue to litigate their own claims for benefits after their death? And two, is there anything in either the language or the history of the statute to indicate that that's what Congress intended? Let me answer the first question in relationship to the 5121 accrued benefits claims. This Court examined the language of that statute, particularly in relationship to whether or not a non-qualifying survivor under 5121 should be permitted to pursue an appeal. In that case, the Richard case, this Court rejected an argument concerning non-qualifying survivors by arguing, or by rejecting, an interpretation that the statute was limiting on the basis that Congress had limited the amount of benefits to two years. Since the Richards case has been decided, Congress has taken an alternative position and repealed that two-year limitation, and there is now no limitation on the accrued benefits. So the analysis that was made for the underlying interpretation rejecting non-qualifying survivors, I believe, has now been modified by Congress, and the reliance on that interpretation, I do not believe, is any longer supported by the regulation, or by the statute. And as a consequence, I do not believe that Congress has expressed the adverse intent that either non-qualifying survivors, or in this case, a widow, should have inferior rights, but simply that there are specific rights afforded to specific classification of survivors identified in 51201. But that is not the case here. The case here does not involve a claim for veterans' benefits. It involves a claim that is independent of any veteran benefit, except to the underlying establishment that the debt was service-connected. And as I understand, you're arguing that that claim continues after the widow's death. Yes, I am, Your Honor, because there is simply no statute or regulation that I'm familiar with, or that the government has relied upon, or certainly that the court below relied upon, that suggests that a claim dies with the claimant. Nor is there any provision that extends a right to the heir of a survivor. No, and there is no corresponding statute that does that, Your Honor. Then I come back to the question of why would Congress want to treat the widow more favorably than the veteran. Well, obviously, I am not capable of intuing the intent of Congress, but— No, but it would seem to me, since Congress has done so much for the veterans, and improving their lot, I find it difficult to conclude that Congress intended to treat the widows more favorably than the veterans. The veterans' claims terminate on the veteran's death, but the widow's claims continue after her death. Well, Your Honor, they do not. They do not terminate at death, because under 5121, a specific class of survivors are able to pursue those benefits that are established based upon the evidence— Don't they have to be established before the veteran dies? No, they do not, Your Honor. They have to be establishable based upon the evidence that existed in the VA's file on date of death. That's the specific language of 5121. So that provides an independent right for the qualified survivors, widows, children, etc., that are identified in 5121 to pursue, based upon the evidence that was extant at time of death, that there was an entitlement to benefits. And therefore, whether there was a claim pending or not is not controlling under 5121. It's whether or not there was or wasn't evidence that established that right to a benefit that was existent in the file at the time of the veteran's death. But that is distinguishable from Chapter 13 benefits. Chapter 13 benefits are not referred to in 5121. They are not a benefit to the veteran. They are a benefit exclusively to the survivors of veterans, based upon a death from a service connected condition or a death while on active duty. Or there is another alternative statute under Chapter 13 that allows if you were totally disabled for 10 years or more, for a widow, a dependent child, or other qualifying survivors under Chapter 13 to be in receipt of dependency and indemnity compensation, a different compensation class than the Chapter 11 benefits. So let me ask you, this is a claim under 5121, or Celerina Pelea. No. Dependency and indemnity compensation. No, no. Dependency and indemnity are in Chapter 13, under 1310. The 5121 would only be a claim for the veteran that existed at time of death. But she's seeking indemnity compensation, correct? Yes. Okay. Well, I thought that was... And who is entitled to, upon the death of the veteran, who is entitled to dependency and indemnity compensation? In this case, it would be the widow, Mrs. Pelea. But supposing there wasn't a widow, but there was a child. The child would have to be a minor child, or a child that was defined by VA regulation as being incapable of support, or basically an incompetent child. So Celerina, I'm sorry, Corazon, who is the daughter of Mrs. Pelea, she does not qualify in her own right? No, nor did she make a claim. The claim that was made was made by the widow during her life, which she won twice before the Veterans Court, and never got the opportunity to have that claim go back to the board for re-adjudication. At issue here is from the date... Now, let me just ask you something. In the case of a veteran who was in the same situation that had had a claim, had twice gone before the board, but had never established it, then the veteran dies, could one of the named people, one of the three groups, continue to press that claim? Yes, but they have to start all over again. Under the VA system, as bizarre as it sounds, you have to go back to square one and file a new claim for accrued benefits under 5121. So no matter where the appeal was... No, the qualifying survivor's only. There is no provision for the estate... So the qualified survivor, in the hypothetical I have suggested to you, would be filing on her own behalf and not on behalf of the veteran? That's correct. He's expressly provided for in the statute. That's right. But the entitlement to those benefits is contingent upon the veteran's entitlement to those benefits. If the veteran were determined by the VA not to be entitled to those benefits, based upon the evidence that was in the record. So this is a finite evidentiary consideration. It does not permit the survivor to come forward with new evidence and submit that new evidence that might have been generated post-death. But you're arguing here on behalf of someone for whom there is no explicit statutory provision? No, Your Honor. What I am arguing is that this appeal was pending... Yes. No, there is no statutory provision. No, there is no statutory provision, Your Honor. I am simply relying upon the federal common law that the death of any claimant in litigation does not end the litigation. But it does end... I thought you just told me that if the veteran was the one who was making the claim and the veteran dies, it does end the litigation. Under this court's case law, as it has interpreted 5121, that is correct. But as I said, the Richard case was based upon the limitation to non-qualifying survivors to be able to continue that litigation on the narrowness of... But you tell me they don't continue that litigation. They start new litigation. That is correct. That's the way it works under the statutory scheme. It's fairly logical. And it's one of the named survivors who makes a claim in his or her own right rather than an executor on behalf of the estate. That's right. And the difference in this case is that there are no Chapter 13 benefits mentioned or discussed under 5121, and we're talking about an appeal that is in process, and Mrs. Pelea during her life won that appeal and was entitled to have that appeal re-adjudicated by the board. I believe that I now end my rebuttal time unless there's any further questions. We'll save it for you. Mr. Hawking. May it please the Court. The... I think there's some confusion with respect to what 5121 covers. And I think I'll begin by answering Judge Freeman's question about whether there's anything in the language of the history of the statute 5121 that would cause Congress to award more to a veteran's widow than to the veterans themselves. Who was confused? Perhaps no one will be, Your Honor. The answer is no, there isn't. The statute 5121 keeps being characterized as not referring to dependency and indemnity compensation. It doesn't refer to compensation at all in the first paragraph. It refers to periodic monetary benefits. I don't think there can be any dispute that benefits awarded pursuant to Chapter 13, specifically Section 1311, are periodic monetary benefits awarded to an individual administered by the Secretary, just as 5121 provides as a type of benefits that can be obtained through an accrued benefit claim. Looking to Section 13. Do you agree with Mr. Carpenter that in the case of a widow seeking to get the veteran's benefits, that begins a new proceeding? It's not a continuation of the veteran's proceeding that he or she was conducting before? Correct, Your Honor. Is that...? Indeed, as this Court has discussed in several cases, and most poignantly in Richard, which was a very similar case in which the estate was attempting, or in that case the estate and the estate, the decedent veteran's brother, was attempting to substitute himself for the veteran. The claim under 5121 is viewed as a derivative claim. The actual claim that the veteran possessed during his lifetime would have expired at his death pursuant to the language contained in 5112. Now, am I also correct that for there to be any claim that may be pressed on behalf of the veteran after the veteran's death, that claim had to be established in some decision or ruling or something like that? The language of 5121... The language seems to suggest that to me. The language suggests that, well, the language states that any evidence that are due and owing under existing ratings or decisions, and in the key language, I think, to respond to your question, Your Honors, or those based on evidence in the file at the date of death. So there does, the statute would allow an accrued benefit claimant to come in and essentially complete the claim process that may have been started by the veteran based upon those documents which are already in the claims file. So it would be, that would go beyond what Your Honor suggested as to simply obtaining accrued benefits that had already been awarded at the time of the veteran's death. And I suppose your opponent would say, well, why shouldn't the widow also be allowed to complete the process in the same way? The statutory scheme allows the widow to complete the process in this way as long as the widow fulfills the requirements of section 5121, the accrued benefit statute. And survives. And survives. However, in this case, the distinction really comes down to whether the decision of this court in Richard, which dealt with a Chapter 11 compensation claim, is distinguishable from the facts of this case because in this case, the claimant's benefits at issue weren't Chapter 11 benefits, compensation benefits, but were dependency and indemnity compensation benefits awarded under Chapter 13. In our papers, we maintain that no, there's no distinction because like the Chapter 11 benefits, Section 5112 prescribes that any claim for DIC expires upon the death of the claimant, the surviving spouse. And two, under 5121, because the DIC payment is a periodic monetary benefit under a law administered by the secretary to which an individual is entitled at death, arguably if Ms. Pelea's claims file contained the information that would support a DIC claim, then she would have been entitled to that at her death. Then an accrued benefits claimant of the type listed in 5121 could step into the shoes. And because it's already been conceded by both the estate and Corazon Pelea, the decedent's daughter, that neither qualify under 5121, the proper remedy in this case is simply to affirm the veteran's court's decision. But Mr. Hagee, just one quick, 5121, now I know why I asked Mr. Carver about this. 5121 deals with accrued benefits, correct? Correct. And what you're saying is that the word individual, under laws administered by the secretary to which an individual was entitled, individual means in that context either a veteran or someone who was receiving DIC benefits. Or entitled to them. Right. Okay, so in other words, if at the time of her death, Celerina Pelea had been receiving DIC benefits and there had been a payment that was in the works, her daughter, if she was a daughter, if she was a child of a veteran, could have stepped in. And provided she was a child qualified under the statutory definition of child, which as counsel alluded to, involves under section 104. But the benefits that she would receive would be only up to the date of the mother's death, is that right? Correct. She couldn't keep on getting benefits. No. No, the accrued benefits statute obviously is limited to those benefits that were due and owing at the time of her death. 5112, when you read 5121 together with 5112, the claim dies with the veteran, or in this case dies with the veteran's spouse who was seeking DIC. The question then remains is 5121 allows a statutory authorized party to come in and submit a claim of their own, which has been characterized by this court as a derivative claim, to obtain those benefits accrued but not paid. And as Judge Schall said, those benefits could take the form of a check that hadn't been issued, or as counsel referred to earlier in his discussion with you, Judge Freeman, those benefits could take the form of benefits which had not been actually paid or even maybe determined, but which could be determined based upon the record before the secretary. So just one quick, 1310B allows DIC benefits to the surviving spouse, children, and then parents, okay? So make sure I understand, a veteran dies, assume there's no bar to such benefits, but his wife had predeceased him, but he has a child surviving. That child would be entitled to DIC benefits if they met the definition of a child, a certain age or whatever. Yes, the child is defined, typically the idea is it's a dependent child. So it's usually a minor, or there are some exceptions for time periods in which an individual might be attending secondary education beyond the period of 18, and of course those individuals who became incapacitated for whatever reason and are technically dependent upon the veteran the incapacitation has to have occurred prior, I think, to their 18th birthday. But it wouldn't include, okay, so what you're saying is it would not include someone who was, yes, the blood child of the deceased veteran, but who was competent and had reached the age of majority. Correct, and so I think the only real issue is, is there a distinction under 5121 with respect to whether DIC benefits are covered under the term periodic monetary benefit? And I think, and this also goes back to your original question, Judge Freeman, beyond the plain language of the statute which we've been talking about here, I think the history of the statute establishes that indeed there is no difference. The regulation which initially contained the language which has now become 5121 was issued in 1933 as part of VA Regulation 2A. In 1943, Congress passed a law essentially parroting that language, and in fact the court discussed that law, Public Law 78-134, in its Richard decision. But what's not discussed in Richard, but which is key to this proceeding, is in 1956 in Public Law 8556, the language which had been previously used to discuss the type of benefits covered by the accrued benefit statute, which were pension, compensation, and retirement, was included in the statute, which included pension, compensation, dependency and indemnity compensation, retirement pay, subsistence allowance, educational and training allowance, special training allowance, and educational assistance allowance. About a year and a half later, as part of the omnibus package that took place in 1958 with respect to creating Title 38 and taking all of the VA laws and putting them into one area in the United States Code, Congress moved this section 921, which contained the expansive language of the accrued benefit statute, into section 3121, and moreover replaced the long litany of benefits that I just described with the term periodic monetary benefits. And the only change really of substance that had occurred since then was in 1991 when 3121 was moved to 5121, and the term administered by the Veterans Department was replaced by the Secretary. And so I think, not only the plain language, but the history of the statute establishes that when Congress created the accrued benefit statute, 5121, it limited the opportunity for those to come in and substitute themselves. That's the holding generally of this Court in the various cases cited in our brief, but most specifically, Richard, the other estate case. The remaining question for this case, which hasn't quite been addressed by this Court, but has been addressed by the Veterans Court, as we noted in our brief, is does that include Chapter 13? I just want to be sure of one thing. In this case, the benefits being sought were those that the statute gave to the widow, not to the veteran. Is that correct? Yes, you're correct, Your Honor. Under Chapter 13.10, as counsel indicated earlier, upon the death of the veteran, certain qualifying individuals can seek dependency and indemnity compensation, which is prescribed by statute. It's actually the dollar amount that's spelled out. In fact, in this case, for purposes of the surviving spouse, the dollar amount would be under Section 13.11, where it says under Subsection 8.1, dependency and indemnity compensation shall be paid to a surviving spouse at the monthly rate of $1,067. And I assume you would agree that if she had been previously awarded some money, but then at some point, for some reason, the VA said, well, we're not going to pay you anymore, and time passed. And six months later, she brought a lawsuit. And then she died. Her estate could presumably recover that six months' compensation. No, Your Honor. No, it could not. No, because the state would not qualify as an accrued benefits claimant under 51-21. I mean, I think this is what the Court has already addressed in its previous cases, starting with Zelikink, Seymour, Haynes, and Richard. And most recently, in Richard's son, is that application of some sort of common law right to substitution is not available in the situation in which Congress has already spoken to the issue. In other words, it's statutory. Exactly. In this case, Congress has said, we're going to deal with this concept of substitution by creating a class of individuals through statute who can step into the shoes of the claimant, or either the veteran, or in this case, the DIC claimant. And when that's the case, when Congress has already ruled on the issue, there is no authority for this Court to step in and apply some sort of common law precinct when Congress has already said, this is the situation. These are the prescribed individuals that we will allow to pursue these claims, and does not, in doing so, include folks like the estate or unqualified dependent children. Thank you, Mr. Hawking. Mr. Koppner has some time left. 404. I'd like to begin by observing that what the government has just argued is that Congress has spoken by being silent. Congress has not spoken on this issue. Congress has not addressed in the legislative history that they intend to treat veterans the same way as they intend to treat surviving spouses. They are simply making an inference based upon their reading of 5121. And this case, as it has boiled down in this argument, appears to turn on the question of whether individual, as described in 5121, or as used in 5121, applies or does not apply to Chapter 13 survivors. The Veterans Court did not rely upon that distinction. The Veterans Court relied upon the principle articulated in their Landiscio case, that the appeal dies with them based upon the fact that it would adversely affect 5121 claimants. Mrs. Pelea's estate cannot be a 5121 claimant, and therefore the VA gets the benefit of having run the clock out on Mrs. Pelea's appeal. That appeal dies under their interpretation of 5121. This Court has not made that interpretation. This Court's interpretation in Richard is based upon the limitation of two years. That limitation has since been removed by Congress, and therefore that reason for not permitting non-qualifying survivors no longer exists. The other thing that I'd like to mention is I believe that counsel for the government overspoke when he referred to 38 U.S.C. 5112 defining the claim as expiring. The claim does not expire under 5112. What in fact happens is that the payments are discontinued upon death. But at issue here is the right to the receipt of those benefits. So what is at issue in Mrs. Pelea's appeal that her estate through her daughter seeks to continue is the right to DIC compensation from the date of her claim until the date of her death. We agree 5112 requires the VA to stop payment, paying further DIC benefits after date of death. But the right that is sought to be pursued here is the right to finish the appeal that was, we believe, unlawfully and unreasonably dismissed by the Veterans Court. Thank you very much, Your Honors. Unless there's further questions. Thank you, Mr. Carpenter. The case will be taken under revised.